### Edelbrew Brewery, Inc. *v.* Weiss, Appellant.

Argued September 28, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (GUNTHER, J., absent).

*M. E. Maurer,* with him *Nissenbaum and Maurer,* for appellant.

*Mitchell W. Miller,* with him *Levi, Mandel & Miller,* for appellee.

OPINION BY RENO, J., November 15, 1951:

Defendant appealed from a judgment entered against him on the pleadings in an action on a book account for beer sold by plaintiff, a New York brewing corporation, to defendant, a Pennsylvania malt beverage licensee.

Defendant relied upon the Beverage License Law of May 3, 1933, P. L. 252, §23(V), as amended, 47 P.S. §100f, which provides: "It shall be unlawful . . . (V) For any *licensee,* . . . to sell, or purchase or receive, any malt or brewed beverages *except for cash,* . . . No right of action shall exist to collect any claims for credit extended contrary to the provisions of this clause." (Emphasis added.)

The court below held that, since plaintiff was not and could not be[1] a Pennsylvania licensee, the quoted

---

[1] Only Pennsylvania residents and corporations may be licensed by the Liquor Control Board, Law, supra, §5, as amended, 47 P.S. §88. See *Premier-Pabst Sales Co. v. Grosscup,* 298 U. S. 226, 56 S. Ct. 754.

section did not apply, and that the sales were made in interstate commerce and so were beyond the reach of Pennsylvania legislation. It ignored the elementary and fundamental principle that where a buyer lacks legal competence to purchase, the seller lacks legal capacity to collect.[2] Moreover, the decision discriminated against Pennsylvania brewers by allowing to outside brewers a privilege denied to our own, a result scarcely within legislative contemplation.

The case is partially governed by §23(V). That section, however, must be read in its contextual relation to §29, added to the Law, supra, by the Act of June 16, 1937, P. L. 1827, §1, 47 P.S. §100k-1, the pertinent part of which is printed in the margin.[3] Under the latter section outside brewers may sell to Pennsylvania

---

[2] E. g., the limited purchasing capacity of infants, insane persons, intoxicated persons, etc. See The Sales Act of May 19, 1915, P. L. 543, §2, 69 P.S. §21, 1 Williston on Sales, §10, et seq.

[3] *"In addition to compliance with all other provisions of this act,* the board shall require each person desiring to sell any malt or brewed beverages manufactured outside this Commonwealth to Pennsylvania licensees, and shall require each Pennsylvania licensee, who desires to purchase and resell any such malt or brewed beverages, to pay to the board the same fees as are required to be paid by Pennsylvania licensees, . . . and to observe and comply with the same regulations, prohibitions and restrictions as are required of, or enforced against, Pennsylvania licensees or persons who desire to purchase and resell malt or brewed beverages manufactured in Pennsylvania in such other state, territory or country of origin. In all cases where the *board shall have issued any reciprocal regulations or orders concerning malt or brewed beverages manufactured in any state, territory or country, other than Pennsylvania,* no *Pennsylvania licensee shall purchase any such malt or brewed beverages if their importation has been prohibited,* or if not entirely prohibited, unless such regulations or orders have been observed and complied with by the Pennsylvania licensee and by the person from or through whom the Pennsylvania licensee desires to purchase." (Emphasis added.)

only upon compliance with the rules and regulations promulgated by the Pennsylvania Liquor Control Board *"in addition to compliance with all other provisions of this act."* The italicized clause unambiguously refers to §23(V), supra, and imposes upon outside brewers the obligations to sell their products to Pennsylvania licensees for cash only.

Under the authority conferred by the Law,[4] the Board promulgated a regulation which provides: "All sales of malt or brewed beverages intended to be transported into Pennsylvania for delivery or use therein, shall be consummated outside of this Commonwealth and shall be paid for in full prior to or at the time of delivery to the consignee in Pennsylvania, who shall pay all transportation charges."[5] This regulation was made pursuant to express statutory authority, and we are permitted to take judicial notice of it. *Cassarello v. U. S.*, 271 F. 486, affirmed (C. C. A., 3rd) 279 F. 396; 20 Am. Jur., Evidence, §44. Both the Law and the regulation forbid sales on credit, and plaintiff cannot recover.

Sales by outside brewers to Pennsylvania brewers are not protected by the Commerce Clause of the Federal Constitution. The Twenty-first Amendment, which repealed the Prohibition Amendment, expressly provides, §2: "The transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited." Pennsylvania possesses plenary power respecting importation of intoxicating liquors, *Ziffrin, Inc. v. Reeves,*

---

[4] Beverage License Law, supra, §35, added by the Act of June 16, 1937, P. L. 1827, §1, 47 P.S. §100r, and §29, 47 P.S. §100k-1, supra.

[5] "Regulations of the Pennsylvania Liquor Control Board, Title 31, Chapter VIII: Malt or Brewed Beverages; Importation, Distribution and Transportation. Effective March 28, 1946." §102.

308 U. S. 132, 60 S. Ct. 163, and exercised it in the Beverage License Law.

At the argument it was stated that defendant had given checks for the shipments of beer, which were dishonored by the banks. Plaintiff argues that, since its complaint impliedly averred that fact, it should be allowed to recover as though it had declared upon the checks instead of the book account. The short answer is that the Law commands cash sales, prohibits extension of credit, and closes the courts to actions to recover the price of liquors sold to Pennsylvania licensees or consumers. This has long been the policy of our law, one instance of which is the Act of May 8, 1854, P. L. 663, §7, 47 P.S. §663, which provides: "No action shall be maintained or recovery had in any case for the value of liquors sold in violation of this or any other act, and defense may be taken in any case against such recovery, without special plea or notice." This Act is still in force. See also *Conemaugh Brewing Co. v. Bennett,* 60 Pa. Superior Ct. 543; *Blandi v. Pellegrini,* 60 Pa. Superior Ct. 552. The Beverage License Law, supra, cannot be evaded by suit on a book account, a note, or a check, or by any device whereby credit is extended or payment in cash postponed. In the beer business, "cash" means "cash on the barrel head."

The judgment is reversed and is here entered for defendant.