Motch & Merryweather Machinery Company *v.* Pittsburgh School District, Appellant.

Argued March 21, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Oscar G. Peterson,* Assistant Solicitor, with him *Mortimer B. Lesher,* Solicitor and *Niles Anderson,* Assistant Solicitor, for appellants in No. 138.

*Robert Engel,* Assistant City Solicitor, with him *J. Frank McKenna,* City Solicitor, for appellants in No. 140.

*Carl E. Glock, Jr.,* with him *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY MR. JUSTICE BELL, May 23, 1955:

The City and School District of Pittsburgh sought to subject the plaintiff to mercantile license taxes. The Mercantile License Tax Act of June 20, 1947, P. L. 745 and Ordinance No. 488 of December 1, 1947, respectively prescribe a license fee for the privilege of doing business, viz., a millage tax on the volume of the annual gross business transacted by every person engaged in certain specified occupations or businesses in the City of Pittsburgh.

Appellants contend plaintiff is liable for the tax because it is a "dealer". The word "dealer" is thus defined in the ordinance: "(b) 'Wholesale dealer' or 'Wholesale vendor' shall mean any person who sells to dealers in, or vendors of, goods, wares and merchandise and to no other persons. (c) 'Retail dealer' or 'Retail vendor' shall mean any person who is a dealer in or vendor of goods, wares and merchandise who is not a wholesale dealer or vendor."

Plaintiff is an Ohio corporation with its main office and its manufacturing plants in Ohio. Its business is manufacturing and selling machine tools; it also buys and sells machine tools manufactured by others. It solicits business in Pittsburgh by so-called solicitors who call on the customers at the latter's

places of business. All orders obtained by the solicitors must be accepted in writing only at and by the home office, so that *no contract is ever made in Pennsylvania.* No stock of goods or samples are kept in Pennsylvania, and appellee's goods have never come to rest physically in Pittsburgh. All goods bought or sold are contracted for outside of Pennsylvania and shipped from outside of Pennsylvania to purchasers in Pennsylvania and elsewhere. There are no bank accounts, directors' meetings, shareholders' meetings, officers or directors in Pennsylvania. However, plaintiff maintains an office in Pittsburgh for their salesmen or solicitors who cover western Pennsylvania, parts of Ohio and West Virginia. Records of the orders obtained by the solicitors are kept in Pittsburgh. The solicitors or salesmen in the Pittsburgh office notify customers of price changes subsequent to the salesmen's quotations, keep a copy of invoices, investigate customers' complaints and report them to the home office, and provide the customer with follow-up information concerning shipments of machine tools purchased. All pricing, credit investigation, acknowledgment of orders, ordering from manufacturers, invoicing, collecting, shipping arrangements, keeping of accounts, payment of salaries, payment of expenses of the Pittsburgh office, and all advertising, is done in Cleveland.

In *Law v. Atlantic Coast Line Railroad Co.,* 367 Pa. 170, 79 A. 2d 252, the Court said: "While defendant was doing considerable business, as we shall see, in Philadelphia County, the question involved is whether it was 'doing business' within the meaning of our decisions concerning service of process . . .

" 'There is no general principle which conclusively establishes in every case what constitutes "doing business". Each case is governed by its own particular

facts. Mere solicitation of business within the commonwealth does not in itself constitute the "doing of business". It must be *"solicitation plus other activities:"* International Shoe Co. v. State of Washington, 326 U. S. 310; Frene v. Louisville Cement Co., 134 Fed. 2d 511': New v. Robinson-Houchin Optical Co., 357 Pa. 47, 49, 53 A. 2d 79."

*Lutz v. Foster & Kester Co., Inc.,* 367 Pa. 125, 79 A. 2d 222, is factually on all-fours with and rules the instant case. In the *Lutz* case plaintiff served defendant with a summons in an action of assumpsit which this Court quashed. The Court held that the following facts did not amount to doing business within the Commonwealth: "The defendant's name appears on the office door and on the directory of the Broad Street Station Building. The telephone is listed in the defendant's name and the charges are paid by the defendant. The defendant also pays for the telegraph services used by the branch office. The office is occupied by six employees, including a district sales manager, three salesmen, and two stenographers. The office contains six desks, some chairs, twelve file cases and a bookcase. The file cases contain branch office copies of orders, invoices and correspondence. The office equipment was furnished by the defendant. The Philadelphia office is listed on the defendant's stationery, and is listed in the defendant's annual report as a branch office."

The Court said: "There must be 'other activities' in addition to the solicitation of business to make a foreign corporation's conduct the doing of business within the Commonwealth, as this court recognized in New v. Robinson-Houchin Optical Company, supra, upon quoting from International Shoe Co. v. State of Washington, 326 U. S. 310, to like effect. Such 'other activities' do not consist of acts of courtesy performed

by business solicitors, without compulsion, in order to satisfy or accommodate customers. Nor do they reside in the number of solicitors employed or the character and extent of the facilities provided them for carrying on their solicitations such as office space and office equipment of desks, typewriters, filing equipment and telephones, or in the identification of the company or its representatives emblazoned on the office door or printed in the telephone directory. The criterion is, rather, *whether the local solicitors have authority to bind the foreign corporation*\* by which they are employed." The material facts in the instant case are so strikingly similar to those of the *Lutz* case as to make the two cases indistinguishable in principle.

We agree with the Court below that the rent of an office and office equipment, the solicitation of orders and the other activities of this plaintiff did not subject it to the mercantile license tax in these cases.

Judgment affirmed.

---

\* Italics, ours.