Albright & Friel, Inc., Appellant, *v.* Philadelphia School District.

Argued June 19, 1958. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

reargument refused October 6, 1958.

Before DAVIS, J.

*Joseph W. Marshall, Jr.,* with him *Sanford D. Beecher,* and *Duane, Morris & Heckscher,* for appellant.

*C. Brewster Rhoads,* with him *Harry C. Schaub, Richard E. McDevitt,* and *Edward B. Soken,* for appellee.

OPINION BY GUNTHER, J., September 11, 1958:

Albright and Friel, Inc., a firm of consulting engineers, maintains its office in Philadelphia. The company renders some of its service in Philadelphia and some outside of Philadelphia.

It filed general tax returns with the School District of Philadelphia for the years 1953 and 1954 which were based on the receipts for the years of 1952 and 1953. The tax was paid on the receipts which were received from clients located within the School District of Philadelphia. The School Revenue Commissioner made a demand for additional tax for each of the two years on total receipts regardless of where earned.

Appellant asked for an injunction to restrain the collection of the additional tax. After answer filed the case was heard by Judge MORGAN DAVIS and an adjudication was rendered on March 28, 1957. Exceptions were dismissed and a final decree was entered on April 1, 1958. This appeal is from the final decree. We are called upon to determine whether all of the receipts, including services rendered outside the School District of Philadelphia but directed from appellant's only office in Philadelphia are taxable under the provisions of the Act of May 23, 1949, P. L. 1669.

The company is engaged in designing and supervising of construction of sewer systems, bridges, water

works, and dams. All administrative and executive activities are performed in the Philadelphia office where about one-half of the company's employees are engaged on a full-time basis. The other half of the employees are engineer inspectors who work out of the Philadelphia office and report into the Philadelphia office several times a week. The activities of all employees including those engaged in field work, are directed from the Philadelphia office.

Section 3 of the Act provides as follows:

"Every person engaged in any business in any school district of the first class shall pay an annual tax at the rate of one (1) mill on each dollar of the annual receipts thereof." There is no doubt that the company is engaged in a business or profession in Philadelphia within the meaning of the Act; the only issue is the question whether or not all of the receipts are taxable under the Act. Appellant contends that the only taxable receipts are receipts from business done within the district, and that the tax is a tax on transactions which occur within the district rather than a tax on the privilege of doing business in the district.

It is difficult to agree with this argument because the Act provides that the tax shall be paid on each dollar of the annual receipts and not on the transactions which occur within the district. The tax is on the privilege of doing business in the district and on the gross receipts of all persons engaged in business within the district. There are provisions in the Act which cover situations where companies have offices both within the district and outside, also to avoid problems involving the taxation of interstate commerce. *Keystone Metal Company v. Pittsburgh*, 374 Pa. 323, 97 A. 2d 797.

Appellant also holds up the danger flag of double taxation; this, in our opinion, is farfetched. Appellant would not be subject to double taxation, for double taxation is the imposition of the same tax by the same taxing power upon the same subject matter; *Commonwealth v. Harrisburg Light & Power Co.*, 284 Pa. 175, 130 A. 412. Federal cases which hold that different states may not impose double taxation are all immaterial to the case because in the instant case, interstate commerce is not involved and no burden of interstate commerce exists in the imposition of the gross receipts tax upon all of the appellant's gross receipts. All of the operations are either carried on, in or direct from its office in Philadelphia, and no permanent office is located elsewhere. All of the services performed outside of Philadelphia are directed from the Philadelphia office. None of the site work is done without direct supervision and approval of the Philadelphia office. All of the activities of Albright & Friel, Inc., are so closely managed by its Philadelphia office, that no services are performed in their entirety outside of Philadelphia.

Among other questions we have considered the matter of allocation raised by the taxpayer in this case. Appellant has not established that, for purposes of allocation, the services rendered by its office in Philadelphia were not the decisive factors upon which the gross receipts were based. The drawings, specifications, and preparations for the projects were performed in Philadelphia.

The record clearly discloses that all of the company's activities are directed from Philadelphia; and that no second tax was imposed by the same taxing authority.

It is quite logical to conclude that the legislature

contemplated no other means of taxation except upon all of the receipts received by the appellant.

Decree of the lower court is affirmed.