Golie Z. SHOFFNER, Plaintiff,

v.

GLENSHAW GLASS COMPANY, a Corporation, and Schlitz Brewing Company, Defendants.

No. 14934.

United States District Court
W. D. Pennsylvania.
April 22, 1959.

James E. McLaughlin, Pittsburgh, Pa., for Golie Z. Shoffner.

Joseph R. Doherty, Pittsburgh, Pa., for Schlitz Brewing Co., William A. Challener, Jr., Pittsburgh, Pa., for Glenshaw Glass Co.

JOHN L. MILLER, District Judge.

Plaintiff, averring diversity of citizenship, brought this action to recover damages for personal injuries sustained as a result of the alleged negligence of the defendants. Plaintiff is a citizen of the State of Kentucky and defendants are respectively Pennsylvania and Wisconsin corporations. The accident occurred in Union County, Tennessee, on August 29, 1955, when a bottle, manufactured by Glenshaw Glass Company, containing beer, manufactured by Schlitz Brewing Company, allegedly exploded. Defendant Schlitz has filed a motion to quash the service of process and to dismiss the action as to it, raising the question of whether it has been properly subjected to the jurisdiction of the court.

Rule 4(d) (7), F.R.Civ.P. 28 U.S.C., provides that service of process on a foreign corporation is valid if effected in the manner prescribed by the law of the state in which the service is made. Upon plaintiff's averment that defendant Schlitz had engaged in the conduct of business in the Western District of Pennsylvania, without having registered with the Secretary of the Commonwealth and without having designated an agent upon whom the service of process could be made, the court directed the Marshal to serve the summons upon the Secretary of the Commonwealth as statutory agent for the defendant. 15 P.S. § 2852–1011 (B). Plaintiff also caused the summons to be served upon the S. & S. Distributing Company, described in the petition as an agent of the defendant. In the motion to quash and to dismiss and in the supporting affidavit filed by an officer

of the corporation, Schlitz avers that it is not qualified to do business in the Commonwealth of Pennsylvania, that it maintains no place of business in the Commonwealth of Pennsylvania and that *it has never engaged in business here.* It denies that the Secretary of the Commonwealth or any other purported agent had authority to accept service on its behalf.

Argument was had initially on Schlitz' motion to dismiss on December 4, 1956. No determination of the motion was made at that time in order that plaintiff's counsel might develop by discovery procedures the facts necessary to controvert the denials in defendant's affidavit. Since that time plaintiff has taken the deposition of Frank J. Spalla, a partner in the S. & S. Distributing Company, which is a local distributor for the defendant's beer, and after reargument, Schlitz' motion to quash the service of process and to dismiss the action is again before the court for decision.

The testimony of Spalla and other facts before the court require a determination that the service of the summons and complaint upon the S. & S. Distributing Company was insufficient, on the ground of agency, to subject the defendant Schlitz to the jurisdiction of the court. We hold also that while the defendant was doing business in Pennsylvania, the substituted service of process on the Secretary of the Commonwealth was not valid under the Pennsylvania law.

Spalla's testimony shows that defendant sold beer to the S. & S. Distributing Company for distribution in Pennsylvania. It merely reveals the execution of contracts in another state for the sale of beer to the local distributor and a shipment interstate of the beer purchased. All purchase orders were subject to acceptance at the defendant's home office in Milwaukee, Wisconsin. *The defendant Schlitz employed a dis*trict manager and an assistant district manager who resided and worked in the Pittsburgh area and frequently accompanied agents or salesmen of the S. & S. Distributing Company on visits to retail and wholesale outlets. The defendant also furnished its local distributor with advertising pertaining to its products. Under the "Declaration Of Terms" *governing the transactions between* Schlitz and the S. & S. Distributing Company, a buyer-seller relationship terminable at any time "without cause and without notice" was expressly specified. Under the same agreement title to beer sold passed to the buyer f.o.b. Milwaukee, Wisconsin, or Brooklyn, New York, where defendant's breweries are located. The facts as developed thus far would not constitute the doing of business by Schlitz within the meaning of the Pennsylvania case law. Cf. *Lutz v. Foster & Kester Co., Inc.,* 1951, 367 Pa. 125, 79 A.2d 222; *Motch & Merryweather Machinery Company v. Pittsburgh School District,* 1955, 381 Pa. 619, 116 A.2d 733; *Law v. Atlantic Coast Line R. Co.,* 1951, 367 Pa. 170, 79 A.2d 252; *Pellegrini v. Roux Distributing Co., Inc.,* 1951, 170 Pa.Super. 68, 84 A.2d 222.

The catalogue of relevant facts and circumstances is not exhausted, however. While defendant relinquished title to its beer immediately on shipment to its distributor, under paragraph seven of the "Declaration Of Terms," Schlitz at all times retained title to "[c]ar heaters and bulkheads, and all barrels in which Seller's beer is shipped to Buyer, and all bottles, cases and cartons for which a deposit charge is made on Seller's invoice at time of sale." Schlitz also reserved the right to enter upon any premises where such property was located and to repossess it "with or without legal process" if it was not returned in accordance with the contract.

█ Thus it is seen that property representing a substantial investment and constituting an essential part of the defendant's stock in trade is constantly being imported into, stored and used within, and removed from the Commonwealth of Pennsylvania. By contract Schlitz may assess its distributor for losses to such property on which deposits are charged. It may even make a profit

on such transactions. We have no doubt that the use and location of defendant's corporate property within the state are circumstances highly relevant to the issue of doing business. Cf. Hoffman Construction Company v. Erwin, 1938, 331 Pa. 384, 200 A. 579 (involving the requirement of registration of foreign corporations), and Walde v. Bowers Battery Mfg. Co., Inc., 1940, 337 Pa. 97, 10 A.2d 405 (involving a domestic corporation and construing the Act of March 17, 1856, P.L. 388, 12 P.S. § 1304, suspended by Rule 2200, Pa.R.C.P., 12 P.S.Appendix.)

Moreover, defendant Schlitz manufactures a product the sale and use of which within the Commonwealth of Pennsylvania is peculiarly subject to state regulation. For that reason commerce involving malt or brewed beverages may be viewed in a different light than the transactions involved in the Lutz case and other cases cited above. It has been held in Pennsylvania that sales by outside brewers to Pennsylvanians are not protected by the Commerce Clause of the Federal Constitution art. 1, § 8, cl. 3. Edelbrew Brewery, Inc. v. Weiss, 1951, 170 Pa.Super. 34, 84 A.2d 371, wherein the Superior Court of Pennsylvania noted that "[t]he Twenty-first Amendment, which repealed the Prohibition Amendment, expressly provides, § 2: 'The transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited.' Pennsylvania possesses plenary power respecting importation of intoxicating liquors, Ziffrin, Inc. v. Reeves, 308 U.S. 132, 60 S.Ct. 163, 84 L.Ed. 128, and exercised it in the Beverage License Law." 170 Pa.Super. at pages 37–38, 84 A.2d at page 373.

Laws applicable to alcoholic beverages have been codified in the Pennsylvania Liquor Code, 47 P.S. §§ 1–101 to 9–902, 1951, April 12, P.L. 90, article I, § 101 et seq. Some pertinent provisions applicable to out of state manufacturers of malt or brewed beverages are summarized below:

Under § 444, 47 P.S. § 4–444, out of state manufacturers, "in addition to compliance with all other provisions of [the] act" are required to pay the same fees as are required to be paid by Pennsylvania licensees and to observe and comply with the same regulations, prohibitions and restrictions as are required of or enforced against Pennsylvania licensees. Such provisions include a requirement that the sales of malt or brewed beverages be made only for cash (§ 493); they prohibit manufacturers from engaging in trade or sales on Sundays (§ 492); from hawking or peddling malt or brewed beverages (§ 493(4); from publishing or posting advertisements referring to the alcoholic strength of the malt or brewed beverage manufactured (§ 493(8); from making allowances or rebates or concessions to induce purchases (§ 493(2); and from selling malt or brewed beverages for consumption on the premises where they are sold or selling or delivering such products in other than original containers with contents as specified (§ 440). In addition, interlocking businesses are prohibited as to manufacturers, distributors and retail dispensers, (§ 443(a), and no manufacturer may have any financial or real interest in property for which a liquor or retail dispenser's or distributor's license is granted (§ 443 (d).

An out of state manufacturer who is guilty of any violation of any laws of Pennsylvania relating to malt or brewed beverages or of any applicable regulation of the Liquor Control Board or any violation of the laws of the Commonwealth or of the United States relating to tax payments of malt or brewed beverages may be cited to appear before the Board or its examiner to show cause why importation of products manufactured by it should not be prohibited (§ 444(d). Violation of a prohibitory order entered constitutes a misdemeanor (§ 444(g).

■ This recital of the statute serves to emphasize that the situation of the defendant as a manufacturer of malt or brewed beverages is significantly different from that of sellers of products not so directly made a matter of public concern. The condition of defendant's engaging in any commercial activities in Pennsylvania is compliance with numerous comprehensive state laws and regulation by the Pennsylvania Liquor Control Board. In that sense, the out of state brewer enjoys no greater scope of activity and suffers no less restraint than does the local manufacturer. Pennsylvania enforces its comprehensive authority to regulate importation of intoxicating beverages within its borders and in so doing does not violate the Commerce Clause of the Federal Constitution. In our view, an out of state manufacturer which subjects itself to the authority of the state as a condition of its doing business, in a practical sense, is also doing business in a legal sense.

■ We have so far not considered whether the doing of business by the defendant Schlitz in the Commonwealth of Pennsylvania would, under Pennsylvania law, support the substituted service of process employed in this case. Although the cause of action asserted by the plaintiff against Schlitz does not arise from business done or activities conducted by Schlitz in Pennsylvania, the Fourth Amendment to the Constitution of the United States does not prevent Pennsylvania courts from taking jurisdiction. Pennsylvania is free to accept or decline jurisdiction. Perkins v. Benquet Consolidated Mining Co., 1952, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485. The only cases we have found which touch even remotely on the question whether the state courts would open their doors to this suit are Law v. Atlantic Coast Line R. Co., 1951, 367 Pa. 170, 79 A.2d 252, and Holliday v. Pacific Atlantic Steamship Corporation, 1946, 354 Pa. 271, 47 A.2d 254, in which concededly the problem at hand was not reached since the service of process was set aside in each on the ground that the

foreign corporation was not "doing business." There is thus justification for the statement that existing Pennsylvania authorities warrant substituted service as attempted here only where the cause of action arose from business conducted or activities performed within the state. Under the 1951 amendment to the Pennsylvania Business Corporation Law, 15 P.S. § 2852–1011(B), any foreign corporation

"* * * which shall have done any business in this Commonwealth, without procuring a certificate of authority to do so from the Department of State, shall be conclusively presumed to have designated the Secretary of the Commonwealth as its true and lawful attorney authorized to accept, on its behalf, service of process in any action *arising out of acts or omissions of such corporation within this Commonwealth.* (Emphasis supplied.)

Plaintiff's petition for authorization to serve the Secretary of the Commonwealth of Pennsylvania as defendant's agent for service of process has its warrant only in the foregoing section. That section indicates that Pennsylvania has not chosen to exercise the full extent of jurisdiction conferred upon it over foreign corporations operating within its sphere.

■■ The argument finds some support also in the 1956 amendment to Rule 2179(a), Pennsylvania Rules of Civil Procedure, 12 P.S. Appendix, which provides for venue of personal actions against a foreign or domestic corporation or similar entity "in and only in * * *

"(2) a county where it regularly conducts business;

"(3) the county where the cause of action arose; or

"(4) a county where a transaction or occurrence took place out of which the cause of action arose."

Such construction of the Pennsylvania law is consistent with the views set forth in the opinion of the court and in

the concurring opinion of Chief Judge Biggs, in Partin v. Michaels Art Bronze Co., Inc., 3 Cir., 1953, 202 F.2d 541. We are bound by that decision. Accordingly, in the absence of an allegation or proof that the cause of action here asserted arose from or was connected with business or activities conducted by the defendant Schlitz in the Commonwealth of Pennsylvania, the motion to dismiss must be granted.