## Commonwealth v. Weinstock

*John S. Halsted,* for Commonwealth.
*Joseph G. McKeone,* for defendant.

RILEY, J., January 15, 1963.—This question arises from a waiver by defendant of a hearing before a justice of the peace on the charge of violation of a regulation of the Pennsylvania Turnpike Commission, as provided in section 1036 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1036. All facts are admitted and the decision rests solely upon the legal question of the admissibility of a pamphlet form copy of the "Traffic Regulations" of the Pennsylvania Turnpike Commission certified as true and correct by John F. Byrne, Secretary and Treasurer of the Commission. Defendant contends no authority exists in law to permit the regulations to be submitted in such form.

A thorough consideration of this question leads us to a conclusion counter to defendant's position. It has long been the rule in this State that a court may take judicial notice of the laws of the State and of regulations of governmental boards and commissions made pursuant to statutory authority: Edelbrew Brewery, Inc. v. Weiss, 170 Pa. Superior Ct. 34. Section 1036 (a) of The Vehicle Code, 75 PS §1036, provides: "The rules and regulations promulgated by the Pennsylvania Turnpike Commission governing the traffic upon any turnpike or highway under its supervision and control, shall become effective upon the publication thereof in accordance with law. A copy of all such rules and regulations, which shall become effective, shall be posted, and remain in a conspicuous place, so long as they are effective, at all entrances to such turnpike or highway for the inspection of persons using such turnpike or highway." Subsection (b) of section 1036 provides a penalty for violation of such regulations for which no penalty has been provided otherwise in the code. Section 4 of the Act of May 21, 1937, P. L. 774, 36 PS §652d, specifically designates the commission as an official instrumentality of the Commonwealth in its functions relating to the "construction, operation and

maintenance of the turnpike" and provides that such functions are governmental in character.

With the regulations of the commission governing traffic according to the conditions peculiar to the turnpikes being so authorized and of a duly constituted governmental body, formal proof of the regulations is not necessary as they are proper subjects of judicial notice. As set forth in the Act of May 4, 1939, P. L. 42, 28 PS §292, the court may inform itself of common law and statutes in such manner as it shall deem proper. In such matters judicial notice is not dependent upon the usual forms and methods of evidence: Lorch v. Eglin, 369 Pa. 314. The Act of April 8, 1941, P. L. 16, 28 PS §302, provides the same standards for judicial notice of municipal ordinances. We discern no difference in principle in the taking notice of regulations of governmental agencies. Where the original ruling or regulation is admissible, we deem the only requirement to be that the court is satisfied in its own mind that the source of its information is reasonably reliable. We are fully satisfied that the pamphlet of "Traffic Regulations" of the Pennsylvania Turnpike Commission, certified by the secretary of the commission sufficiently and reliably informs us of those regulations. Should the defendant dispute the content of the regulations as we find them to be, he is perfectly free to supply any information to the contrary to aid the court in its determination. Such is not the case here. There is no contention that the pamphlet relied upon is anything other than an accurate statement of the regulations. The sole contention is that we do not have the regulations of the commission properly before us and, therefore, defendant should be discharged by reason of the failure of the Commonwealth to properly prove the regulations he is alleged to have violated.

In accordance with the above, we do determine defendant, Sidney S. Weinstock, guilty as charged.