## Commonwealth v. Tuter

*William B. Moyer*, for appellant.
*Alan D. Williams, Jr.*, for Commonwealth.

MONROE, J., May 23, 1969.—This is before us on defendant's appeal from his summary conviction of a violation of section 903(d) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §903, resulting in the imposition of a fine of $2,700 for operating a tractor-trailer vehicle which was 13,665 pounds overweight.

There is no dispute that defendant had in his possession a valid excess weight permit issued pursuant to

section 905 of The Vehicle Code; that his permit covered the vehicle then being operated by defendant; that defendant was operating the vehicle on the route specified in the permit; that the total weight of defendant's vehicle was less than the maximum specified in the permit; that defendant was the paid operator of the vehicle and not the owner thereof.

At the hearing de novo on this appeal the question was whether defendant had violated the permit which had been issued resulting in a violation by him of section 903(d) of the code. At the top of the permit held by him appeared in printing:

"Form 936P Rev. 3/64
Commonwealth of Pennsylvania
Department of Highways
HIGHWAY PLANNING

SPECIAL
HAULING
PERMIT"

It was issued to Ace Dorn Hauling & Rigging Co., Cincinnati, Ohio. On the back of the permit, under the heading "General Conditions Relative To Movements Under Special Hauling Permits," were printed 13 items, one of which was: "6. Movements under permit are limited to the hours of daylight and when favorable weather and road conditions prevail." The position of the Commonwealth is that the item quoted constitutes a condition restricting to daylight hours the privilege of movement granted by the permit, that defendant had violated the condition by operation of his vehicle in hours of darkness thus depriving the permit of its legal force and placing his vehicle in violation of the gross weight restrictions imposed by section 903(d) of the code. Defendant's position is that at the time of his apprehension, daylight hours prevailed and, in any event, the permit was not validly limited to daylight hours.

Concerning the issue of daylight or darkness, the Commonwealth contends that the arrest took place at 5:57 p.m. of January 25, 1965; defendant, that the

arrest was at 5:15 or 5:20 p.m. of that day. The Commonwealth contends that it was dark at the time of the arrest, defendant that it was daylight. The determination of this issue, therefore, depends upon the credibility of the witnesses for the Commonwealth as opposed to the testimony of the defendant. We find the Commonwealth's testimony to be the more credible.

The gross weight limitations upon commercial vehicles are spelled out in section 903 of The Vehicle Code, supra. There is no limitation therein of the operation of such vehicles to daylight hours. We have not found and our attention has not been directed to any statutory prohibition of the movement of commercial vehicles after daylight hours. Section 905 grants to the Secretary of Highways authority to issue special overweight permits for the movement over the highways of (1) a vehicle or tractor, (2) heavy quarry equipment or machinery, (3) "any oversized self-propelled farm machine up to one hundred sixty-six (166) inches in width . . ." The only statutory restriction as to the time of movement is solely upon the farm equipment and machinery. The act specifically limits the permit to daylight hours for the movement thereof. Section 905 provides also: "Any of the above permits shall be subject to such rules and regulations and any other conditions or restrictions . . . as shall be deemed necessary by the authorities granting such permit." If the Secretary of Highways had authority to impose the rule, regulation, condition or restriction limiting the movement of the tractor-trailer under defendant's control to daylight hours it must be found in the quoted provision.

Recognizing that judicial notice may be taken of the regulations of the Department of Highways, Edelbrew Brewery, Inc. v. Weiss, 170 Pa. Superior Ct. 34 (1951); Commonwealth v. Weinstock, 29 D. & C. 2d 582 (1963), and that the court may inform itself thereon by rea-

sonable appropriate means, Siemens Estate, 346 Pa. 610, 613 (1943), following the hearing herein, the hearing judge requested the assistance of counsel for the parties in obtaining for his examination copies of pertinent rules and regulations of the Department of Highways and documentation of departmental action in adopting and promulgating conditions and restrictions effective upon the issuance of special overweight permits. The efforts of counsel and the hearing judge have resulted in the latter being furnished with the four following documents.

"1.  COMMONWEALTH OF PENNSYLVANIA
Department of Highways
Harrisburg
Revised
January 1, 1964

Annex No. 1
To Manual For
Special Hauling Permits

General Policy Governing The
Issuance of Special Hauling Permits."

"2.  COMMONWEALTH OF PENNSYLVANIA
Department of Highways
Revised
December 6, 1963

ANNEX NO. 2
To Manual For
Special Hauling Permits

Policy and Procedure Governing the Issuance of Special Hauling Permits for the Movement of House Trailer, Mobilehome and Office Trailer Combinations."

3. "Regulation Series 800

## PENNSYLVANIA DEPARTMENT OF HIGHWAYS

## REGULATIONS FOR OVERSIZE OR OVERWEIGHT VEHICLES, OR A COMBINATION OF VEHICLES, INCLUDING THE LOADS CARRIED THEREON; OTHER THAN MOBILEHOMES.

Effective August 1, 1964"

4. "Form 936A. Rev 1-65

## COMMONWEALTH OF PENNSYLVANIA
Department of Highways
Highway Planning Statistics
Application for Special Hauling
Permit"

By order of even date herewith the hearing judge has directed that the four documents be filed and made a part of the record in this case.

Annex No. 1 to Manual for Special Hauling Permits contains the statement of the policy of the Secretary of Highways with respect to the issuance of special hauling permits, a synopsis of The Vehicle Code legal size and weight limitations, a specification that applications for oversize and overweight permits shall be made on Department Form 936A, establishes the fees for such permits, sets forth special requirements for movements under authority of the special hauling permits, sets forth information for the guidance of department personnel in processing requests for spe-

cial permits for the movement of farm machinery and equipment and contains "GENERAL REGULATIONS & CONDITIONS," and thereunder recites: "The normal conditions under which the permit will be operative are outlined on the reverse side of the application form. In signing, the applicant certifies that he has read the regulation . . ." Affixed to the document as page A1-16 is "Form 936A 5-61 Commonwealth of Pennsylvania Department of Highways Application for Special Hauling Permit" on the back of which is printed "General Conditions Relative To Movements Under Special Hauling Permits." The sixth item thereunder is "6. Movements under permit are limited to hours of daylight." Page 17 of the document is "Form 936A (Suppl.) 4-62" entitled "Supplemental Data on Application For Special Hauling Permit," on the back of which are printed 12 "specific provisions" the ninth of which is "Movement shall be made only during the daylight hours." These are the only places in Annex No. 1 where any movement of oversized and overweight loads is stated to be restricted to daylight hours. The document does not contain a form of "permit" for issuance under the foregoing applications. On the front of the application form 936A, above the place provided for the signature of the applicant for the special hauling permit is printed:

"I, the undersigned, hereby certify that I have read the Rules and Regulations printed on the reverse side of the form . . ."[1]

Annex No. 1 does not contain an endorsement by the Department of Justice as to its legality.

---

[1] There is no evidence that the defendant signed or was familiar with any application for the permit he had in his possession. Consequently it cannot be said that he voluntarily subscribed to or accepted any conditions placed upon the application form.

It may plausibly be argued that by the above quoted excerpts from the "General Regulations & Conditions" and from the Form 936A and the Form 936A (Suppl.), contained in Annex No. 1, the Secretary of Highways had adopted a regulation limiting the movement of overweight vehicles to daylight hours.

Annex No. 2 to Manual for Special Hauling Permits sets forth the policy of the Secretary of Highways and the procedure of the department governing the issuance of special hauling permits for the movement of house trailers, mobilehomes and office trailer combinations. This document, therefore, has no relevancy to the issue before us.

The "REGULATIONS FOR OVERSIZE OR OVERWEIGHT VEHICLES, OR A COMBINATION OF VEHICLES, INCLUDING THE LOADS CARRIED THEREON; OTHER THAN MOBILEHOMES" are preceded by a proclamation signed by the Secretary of Highways stating "The definitions, rules and regulations herein contained are hereby made and adopted pursuant to The Vehicle Code of April 29, 1959, P. L. 58, as amended, in accordance with the authority contained in the provisions of The Administrative Code of April 9, 1929 P. L. 177, as amended, and promulgated in accordance with the provisions of the Act of June 4, 1945, P. L. 1388, sec. 21 (The 'Administrative Agency Law' of 1945, 71 PS §1710.21, infra). All regulations adopted and promulgated heretofore that are inconsistent with and/or in derogation hereof are hereby revoked." (Parenthesis supplied.) The title of the regulation is

"PENNSYLVANIA DEPARTMENT OF
HIGHWAYS REGULATIONS
CHAPTER 8, REGULATION 800

"Governing the movement over State highways within the Commonwealth of Pennsylvania of oversize or overweight vehicles, or a combination of vehicles, including the loads carried thereon, other than Mobilehomes, adopted pursuant to the Act of April 29, 1959, P. L. 58, Section 101, et seq., as amended, and promulgated in accordance with the provisions of the Act of June 4, 1945, P. L. 1388, Section 21, as amended."

The regulations provide in section 809 that application for permits shall be made on departmental form 936A or, under specified conditions, by wire or telephone. In section 810 thereof it spells out the information required to be contained on form 936A. The form itself it not attached to or made a part of the regulations. Nowhere in the regulations or in the statement of the information to be contained in form 936A does there appear a restriction of the movement of overweight vehicles to the daylight hours or an authorization to anyone within the department to so restrict the movement. Endorsed upon the regulation is:

"Approved as to form and legality this 16th day of June 1964.

John H. Rezzola

Deputy Attorney General"

The Administrative Agency Law of June 4, 1945, P. L. 1388, 71 PS §1710.1, et seq., (repealed and replaced by the Commonwealth Documents Law of July 31, 1968, (No. 240), 45 PS §1101, et seq.) which was in effect at the times of the issuance of the permit under consideration and of the apprehension of defendant, in section 2 thereof, 71 PS §1710.2 stated, inter alia:

"(b) 'Agency' means any department, departmental administrative board or commission, . . . officer or other agency of this Commonwealth, . . . having Statewide jurisdiction, empowered to determine or af-

fect private rights, privileges, immunities or obligations by regulation or adjudication, . . ."

It is clear that the Secretary of Highways and the Department of Highways are agencies within the foregoing definition.

The same section also states:

"(e) 'Regulation' means any rule, regulation or order in the nature of a rule or regulation, of general application and future effect, promulgated by an agency under statutory authority in the administration of any statute administered by or relating to the agency, or prescribing the practice or procedure before such agency."

Whether the purported restriction of movement be called a condition, restriction, rule, regulation, or order it is a regulation as defined in the Administrative Agency Law of June 4, 1945, supra, for it is apparently of general application and future effect as to all applicants executing application form 936A and it gives the general appearance on its face of having been promulgated by the Department of Highways. As a "regulation" it lost its validity unless submitted to the Department of Justice for approval: Administrative Agency Law of June 4, 1945, sec. 21 as amended, supra.[2]

The Commonwealth's contention that defendant's movement of the vehicle under his control was illegal

---

[2] In Commonwealth v. Berlo Vending Company, 415 Pa. 101 (1964), p. 107, note 4, the Supreme Court stated that the lower court correctly concluded that because a ruling promulgated by the Department of Revenue had never been approved by the Department of Justice pursuant to the Administrative Agency Law it was entitled to little, if any, consideration. See also, Commonwealth v. Case, 21 D. & C. 2d 34, 38 (1959) where it was held that the Commonwealth had failed to show the existence of a valid rule or regulation of the Pennsylvania Fish Commission because it failed to show the filing of the same with the Department of State as required by the Administrative Agency Law.

and in violation of the permit he possessed is based upon the sixth item of the "General Conditions" printed upon the back of the permit stating that movements are restricted to daylight hours. It must be observed that the permit is designated at the head thereof as "Form 936P Rev. 3/64" indicating that it is the product of a revision in March 1964. We have not been furnished with and our attention has not been directed to any secretarial or departmental action authorizing, approving, or adopting such revised form, and it does not appear that the form or any secretarial or departmental action or regulation which may have produced it was submitted to or approved as to legality by the Department of Justice. Also, the limitation of time of movement contained in the form is in derogation of and inconsistent with the Department of Highways Chapter 8, Regulation 800, which specifies the information to be contained in form 936A and which nowhere restricts or authorizes the restriction of movement to daylight. Consequently, the limitation is revoked by the secretary's promulgation to the regulation. The validity of the restriction in defendant's permit cannot rest upon annex No. 1, supra, because (a) it does not appear that that document was submitted to or approved as to legality by the Department of Justice and (b) the annex No. 1, even if approved by the Department of Justice, is revoked as to restriction on time of movement by Department of Highway Regulation Chapter 8, regulation 800, effective August 1, 1964, which spells out the information to be contained in form 936A, nowhere restricting or authorizing restriction of movement of overweight vehicles to daylight, and the proclamation to which revokes regulations adopted and promulgated that are inconsistent therewith or in derogation thereof. The validity of the restriction cannot rest upon Annex No. 2, which has no application to overweight com-

mercial vehicles. The regulation 800 became effective after the revision date of the permit defendant held, and did not authorize such restrictions; obviously, the regulation negates rather than supports the restriction. Finally, the fourth document furnished the hearing judge "Form 936A Rev. 1-65" containing under "General Conditions" printed on the back thereof the item "6. Movements under permit are limited to the hours of daylight and when favorable weather and road conditions prevail" does not support the restriction in defendant's permit because, there has been no showing of (a) secretarial or departmental action authorizing, approving, or adopting the same; (b) submission thereof to and approval thereof by the Department of Justice; (c) that such an application form was the basis for the issuance of the permit possessed by defendant; (d) that defendant executed such an application.

For the reasons above assigned, we are of the opinion that it has not been demonstrated that the movement of the tractor-trailer defendant was operating was validly restricted to daylight hours. Accordingly, we enter the following

### ORDER

And now, May 23, 1969, for the reasons above assigned defendant is found to be not guilty.

Further it is ordered and directed that the documents mentioned be filed with the Clerk of Courts and be made a part of the record in the above entitled case.