# Neshaminy School District v. RHM Associates

*Charles O. Marte, Jr.,* for plaintiff.
*William F. Schroeder,* for defendant.

LUDWIG, *J.,* December 1, 1982 — After argument before the court sitting en banc, we dismissed defendant's exception to the trial judge's decision and directed that it be entered as a final judgment.[1] Defendant's appeal to the Superior Court followed.

This is an action in assumpsit brought by Neshaminy School District against RHM Associates, Inc. trading as Richard H. May Associates, Inc. to recover mercantile taxes, license fees, penalties and interest from January 1, 1973 to June 30, 1977. Upon a Rule 1038 hearing, the trial judge entered an award of $8,201.26 in favor of plaintiff.[2] In so doing, he disallowed the taxes claimed on con-

---

1. Procedurally, the exception practice here was governed by Pa. R.C.P. 1038(d) and (e). Our final order of May 31, 1983 erroneously refers to the dismissal of exceptions "to the adjudication and decree nisi and [entry of] of final decree." The trial judge entered an order and did not file an adjudication.

2. The complaint, filed September 21, 1977, claimed taxes from the inception of plaintiff's Merchantile (sic) License Resolution, in 1966. Defendant withdrew its defense of the statute of limitations upon plaintiff's agreement to limit the claim to the period beginning in 1973.

signment and commission sales and restricted the imposition of the tax to sales in which defendant held title to the merchandise sold. Defendant's customers are wholesale electrical distributors within a specified geographical area.

The trial judge's order contained the following findings:

(1) At the time in question, RHM Associates, Inc. was a wholesale vendor or dealer of goods within the Neshaminy School District.

(2) Sales of merchandise in which RHM Associates, Inc. held title and which RHM sold to distributors directly were part of the volume of the annual gross business transacted by RHM and therefore subject to the merchantile (sic) license tax of Neshaminy School District; and

(3) Sales of merchandise which RHM had on consignment from a manufacturer and sold to a distributor, and for which RHM received a commission, were not subject to the merchantile (sic) license tax of Neshaminy School District.

In its appellate complaints, filed under Pa. R.A.P. 1925(b), defendant contends that no tax is due, first, because it does not transact business as a "dealer" and, second, because its contacts with the school district are insufficient to subject it to the district's taxing authority.

At the hearing, a written stipulation established that plaintiff is a Pennsylvania corporation with offices located at 125 Lincoln Avenue, Penndel, which is within the school district. The mercantile tax resolution imposes a one mil tax on the gross annual business of "wholesale vendors or dealers in goods, wares and merchandise."[3]

---

3. Adopted May 24, 1966, effective July 1, 1966, and, as to the one mil rate, amended July 1, 1969.

It was further stipulated that defendant's business can be categorized as "(1) sales of merchandise to which defendant holds title and which defendant sells to distributors. This merchandise defendant bills directly to the distributors and receives payment from them. (2) Sales of goods which defendant makes to distributors which defendant has on consignment from a manufacturer and for which the manufacturer bills the distributor and is paid directly by the manufacturer. The manufacturer then sends only a commission payment to the defendant on these sales." This second category of transaction is no longer before us, the school district having not excepted to the trial judge's finding for the defendant.

As to all of its business, defendant characterizes itself as a manufacturer's representative, citing Jones v. Pittsburgh, 176 Pa. Super. 154, 106 A.2d 892 (1954) and Brown and Zortman Machine Co. v. Pittsburgh, 375 Pa. 250, 100 A.2d 98 (1953). Neither case supports that position as to goods acquired for resale. In Jones, plaintiff merely solicited orders for manufacturers. It did not receive payments or handle any merchandise. In Brown and Zortman Machine Co., plaintiff was held to be a dealer and not a broker, as it contended. A dealer was defined as one who buys to sell again, which was the procedure followed by the instant defendant as to the major portion of its business. Its resale business was not so analogous to consignment as to avoid classificaton as a vendor or dealer under the tax resolution. Its taking of title, its billing and collection of accounts, are significant factors that go far beyond mere brokerage or sales solicitation and justify the imposition of the tax. Rath Packaging Co. v. Pittsburgh, 404 Pa. 36, 171 A.2d 42 (1961); Standard Brands, Inc. v. Pittsburgh, 403 Pa. 590, 170 A.2d

568 (1961); General Foods Corp. v. Pittsburgh, 383 Pa. 244, 118 A.2d 572 (1955); Albright & Friel, Inc. v. Philadelphia School District, 187 Pa. Super. 387, 144 A.2d 745 (1958).

Defendant's extraterritorial invalidity argument also must fail. The inception of the tax period, January 1, 1973, corresponds with defendant's moving its offices to a location within the school district, Penndel. There, defendant employed a bookkeeper, a shipper, repair personnel and a few sales solicitors. Its president, however, continued to reside outside the school district, in Newtown. In his testimony, defendant's president stated that virtually all of the company's sales operations occurred in Newtown via a post office box, a telephone answering service, and a local warehouse. His position was that even though he went to the company's office during the day, he transacted nearly all of the company's business before his departure in the morning or upon his return home in the evening.

As stated in The Borough of Brookhaven v. Century 21, 57 Pa. Commw. 211, 215, 425 A.2d 466, 468 (1981):

"Although "not every ingredient of a transaction must take place within the taxing district," nevertheless, "[i]t is . . . necessary that the phase upon which the tax is based occur in the taxing jurisdiction." Glendale Heights Ownership Association v. Glenolden School District, 393 Pa. 485, 493, 143 A.2d 386, 389 (1958).

Here, the tax is based on defendant's transacting business as a wholesale vendor or dealer within the school district. Under the cases previously cited, this means only that defendant's operations and activities within the school district must amount to more than solicitation. Defendant would have us find that its million dollar a year business occurred

almost entirely outside the district, early in the morning and in the evening. However, it held itself out, by its letterhead and billhead, to be doing business at its Penndel office. The office received some purchase orders which were then transmitted to district salesmen. A bookkeeper there maintained all of the business's records and did the billing and accounts receivable on resale transactions.[4] On resale items, customers made payment to the Penndel office. On resale, the situs of the title held by defendant would also appear to have been its legal address, in Penndel, rather than the situs of the goods to be sold.[5] All of these contacts bring defendant's resale business within the school district for the purpose of the vendor-dealer tax.

In Rath Packaging Co. v. Pittsburgh, supra, a similar situation presented itself. Rath maintained a main office in Waterloo, Iowa and a district office in Pittsburgh. "Every effort was obviously made to keep the latter a mere communication point and thus avoid the tax, but the exigencies of the business — which is meat packing and selling — couldn't be contained and unavoidably spilled over." 404 Pa. at 38-39, 171 A.2d at 43. In the present case, much of RHM Associates, Inc.'s sales operations may have been conducted outside the school district. But the requirements of its business, its record-keeping, billing and receiving, and the maintaining of its corporate office all "unavoidably spilled over" within the school district.

---

4. Defendant also maintained a service facility within the school district.

5. As to a tax on tangible personal property, the taxable situs is the domicile of the taxpayer unless the property has acquired an actual situs elsewhere. See 35 P.L.E., Taxation, §57 (poc. part 1983).

## ORDER

And now, this December 1, 1982, upon hearing, we find as follows: (1) At the time in question, RHM Associates, Inc. was a wholesale vendor or dealer of goods within the Neshaminy School District; (2) Sales of merchandise in which RHM Associates, Inc. held title and which RHM sold to distributors directly were part of the volume of the annual gross business transacted by RHM and therefore subject to the merchantile license tax of Neshaminy School District; (3) Sales of merchandise which RHM had on consignment from a manufacturer and sold to a distributor, and for which RHM received a commission, were not subject to the merchantile license tax of Neshaminy School District.

Based on the foregoing, defendant, RHM Associates, Inc. is hereby ordered to pay the taxes, interest, penalties and license fees for the years 1973 through June 30, 1977 inclusive in the total amount of $8,201.26, as shown in the stipulation of counsel dated February 2, 1982.