Pellegrini *v.* Roux Distributing Co., Inc., Appellant.

Argued October 3, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Peter P. Liebert, 3rd,* with him *John J. McDevitt, 3rd,* for appellant.

*H. P. Abramson,* with him *S. Regen Ginsburg,* for appellees.

OPINION BY DITHRICH, J., November 15, 1951:

Plaintiffs, husband and wife, brought an action of trespass against defendant-appellant, Roux Distributing Co., Inc. (hereinafter called Roux Co.), in the Municipal Court of Philadelphia County. The complaint demanded damages for injuries to the wife-plaintiff, allegedly suffered as a result of defendant's negligence. Roux Co., a foreign corporation, filed preliminary objections which raised questions of jurisdiction. After depositions were taken on issues of fact the objections were overruled, the court holding that Roux Co. was not "doing business" within the Commonwealth so as to be amenable to the jurisdiction of the court but that certain conduct of defendant was equivalent to a general appearance by which it waived its right to question the power of the court. This appeal is under the Act of March 5, 1925, P. L. 23, 12 PS §672 et seq.[1]

The broad question before this Court is whether it is within the judicial power of the court below to enter a valid judgment in personam against the defendant foreign corporation in this transitory action.

"Whether a foreign corporation is subject to the jurisdiction of a Pennsylvania court depends upon whether it is doing business within the Commonwealth which rests fundamentally upon a conclusion of ulti-

---

[1] (Pocket Part) ". . . the provisions of this section, insofar as they apply to the practice and procedure in actions governed by the Rules of Civil Procedure, have been suspended, except insofar as they relate to appeals, by Rule 1451 of the Rules of Civil Procedure. . . ."

mate fact: New v. Robinson-Houchin Optical Company, 357 Pa. 47, 49, 53 A. 2d 79; and Holliday v. Pacific Atlantic Steamship Corporation, 354 Pa. 271, 274, 47 A. 2d 254": *Lutz v. Foster & Kester Co., Inc.,* 367 Pa. 125, 127, 79 A. 2d 222. See also *Kaffenberger v. Kremer,* 63 F. Supp. 924.

Roux Co., a New York corporation, not registered to do business in Pennsylvania, is engaged in the business of selling cosmetic products to beauty supply and drug dealers throughout the United States, including Philadelphia. The dealers in turn distribute Roux Co. products to beauty shops and other users. All sales made by the Roux Co. are subject to the terms enumerated in a book of order blanks sent to each dealer. It is specified that all merchandise is sold f.o.b. New York and becomes the property of the purchaser when placed aboard the carrier. Each order blank contains a statement to the effect that Roux Co. reserves the right to refuse to accept any order for any reason without recourse. Moreover, it is expressly stated that no representative of Roux Co. has authority to alter or vary the conditions under which the merchandise is sold. At no time has the Roux Co. maintained an office in Philadelphia. It owns no real estate in Philadelphia and has no supplies, bank accounts or securities located there. Nor is it listed in the Philadelphia telephone directory.

The only contacts, ties or relations of Roux Co. in Philadelphia at the time of service of process arose out of the activity of four or five female "demonstrators and sales representatives" whose duties were "to contact users, beauty salons, and take care of problems and instruct them in the use of the products and, occasionally, as an incident to this work, they would receive orders from these users or beauty shops, these orders to be transmitted to the dealer which the shop named, and he would accept or reject the order, fill

it or not fill it, as he saw fit." These demonstrators operated in a territory including parts of New Jersey, Delaware, Baltimore, District of Columbia, Virginia, and the whole State of North Carolina, as well as parts of Pennsylvania. Their work was supervised by Edwin J. Black, who, in addition to his supervisory responsibilities, made "social calls" on dealers, inspected their stocks, entertained them and acted generally as a good will ambassador for the Roux Co. At times Mr. Black asked the girls he supervised to adjust minor complaints of beauty shop operators and other users. From the record it appears that neither he nor the demonstrators were required to solicit orders, but occasionally they received the orders of users of Roux products which they relayed to local dealers. The occasional reception of orders and the adjustment of complaints were clearly incidental to the primary duties of the supervisor and his "demonstrators".

We are of opinion that the *Lutz* case, supra, controls the phase of the instant case now under discussion. It is significant that the facts in the *Lutz* case presented far stronger reason for affirming the jurisdiction of a Pennsylvania court over a foreign corporation than we have here; but the Supreme Court, following the principle of *Shambe v. Delaware & Hudson R. R. Co.*, 288 Pa. 240, 135 A. 755, reversed the lower court which had overruled preliminary objections raising the question of jurisdiction. The following language of the Court in the *Lutz* case is pertinent (p. 129): "There must be 'other activities' in addition to the solicitation of business to make a foreign corporation's conduct the doing of business within the Commonwealth, as this court recognized in New v. Robinson-Houchin Optical Company, supra, upon quoting from International Shoe Co. v. State of Washington, 326 U. S. 310, to like effect. Such 'other activities' do not consist of acts of courtesy performed by business so-

licitors, without compulsion, in order to satisfy or accommodate customers. Nor do they reside in the number of solicitors employed or the character and extent of the facilities provided them for carrying on their solicitations . . . The criterion is, rather, whether the local solicitors have authority to bind the foreign corporation by which they are employed."

The narrow question remaining is whether defendant waived its right to object to the jurisdiction of the court below by reason of the fact that defendant's insurance company, prior to the entry of suit, had its doctor physically examine the wife-plaintiff in the course of its investigation of the liability asserted against its insured.

We have found no Pennsylvania case passing upon this question. The general principles involved are adequately stated in 6 C.J.S., Appearances, §13, as follows: "Broadly stated, any action on the part of defendant, except to object to the jurisdiction over his person which recognizes the case as in court, will constitute a general appearance . . ."; but, "although an act of defendant may have some relation to the cause, it does not constitute a general appearance, if it in no way recognizes that the cause is properly pending or that the court has jurisdiction, *and no affirmative action is sought from the court.*" (Emphasis added.) These principles were applied to facts similar to those before us in *Sinclair Refining Co. v. Bounds*, 198 Ark. 149, 127 S. W. 2d 629. There service was not properly made on defendant foreign corporation. Plaintiff's contention that defendant entered its general appearance by requesting a physical examination of plaintiff was rejected. The Court said (p. 155): "Appellant's motions to quash service of summons . . . had already been filed before appellant's examination of appellee. *The request for the examination was not made to the court* and, therefore, no affirmative action from the

court was invoked." (Emphasis added.) There followed a statement of the principles enunciated in 6 C.J.S., supra.

Whatever the law may be in a situation where the examination is made *after* the entering of suit, we cannot agree with the view of the learned judge of the court below that "equity should operate to estop the defendant from raising the question of jurisdiction of the person" where the examination is made *prior* to the commencement of suit without evidence of affirmative action taken by the court. The conduct of its insurance company did not amount to a general appearance of Roux Co., 6 C.J.S., supra, and it would be highly inequitable to draw on the doctrine of estoppel to establish jurisdiction, requiring this foreign corporation to defend an action in a state where it has such slight contact as to render trial away from its principal place of business expensive and inconvenient (*International Shoe Co. v. State of Washington*, 326 U. S. 310, 317[2]), where there is nothing in the record to show that plaintiffs have been prejudiced by an alteration of their position induced by the conduct in question.

Order reversed.

---

[2] Mr. Chief Justice STONE there said, "An 'estimate of the inconveniences' which would result to the corporation from a trial away from its 'home' or principal place of business is relevant in this connection," referring to the reasonableness of requiring a foreign corporation to defend a particular suit in a forum where it has some contacts.