**William JENKINS, Susann Jenkins, Katheryn Jenkins, Sarah Jenkins, David Jenkins, and Faye Jenkins, by Agnes Jenkins, Their Natural Guardian, and Agnes Jenkins**

v.

**DELL PUBLISHING COMPANY, Incorporated, a New York Corporation.**

Civ. A. No. 12944.

United States District Court,
W. D. Pennsylvania.

March 30, 1955.

On Reargument June 8, 1955.
See 132 F.Supp. ——.

William C. Smith, Jr., Smith, Weaver, Richardson & Smith, Pittsburgh, Pa., for plaintiffs.

Charles C. Arensberg, Patterson, Crawford, Arensberg & Dunn, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

This diversity action comes before the court on the defendant foreign corporation's motion to dismiss the complaint for lack of jurisdiction. Specifically, the grounds set forth by defendant are:

"a. That the defendant is a corporation organized under the laws of New York and is not doing business in the Western District of Pennsylvania and was not and is not subject to service of process within the Western District of Pennsylvania and

"b. That the defendant has not been properly served with process in this action."

The court is of the opinion that the defendant was doing business in Pennsylvania within the meaning of the statutes of Pennsylvania, and that the service of process was proper and valid and not in violation of the Constitution of the United States.

It appears from the pleadings that the defendant is a corporation incorporated in the State of New York, with its principal place of business in New York City, and that the plaintiffs are individuals and residents of Allegheny County, Pennsylvania. The defendant is not registered as a foreign corporation with the Secretary of the Commonwealth of Pennsylvania.

The plaintiffs allege invasion of privacy as a cause of action arising out of the unauthorized publication by the defendant of certain pictures of plaintiffs in the January, 1954 issue of defendant's magazine called "Front Page Detective".

With their complaint, the plaintiffs filed a petition averring, inter alia, that the cause of action arose by virtue of publication or distribution of this magazine in Pennsylvania; that the defendant had

present in the Commonwealth of Pennsylvania certain agents acting in the interest of the defendant's business; and asked the court to direct the United States Marshal to make service on the defendant by serving the Secretary of the Commonwealth of Pennsylvania in accordance with the provisions of Pennsylvania law.

■ No specific complaint was made at argument or in defendant's brief concerning the mechanics of executing the service of process upon the Secretary of the Commonwealth. It appears to us that the service was proper and in accordance with the law. Act of September 26, 1951, P.L. 1475, § 22, 15 Purdon's Pa.Stat.Ann. §.2852–1011, subd. B.

From the defendant's answers to interrogatories and stipulations filed, it appears that the January, 1954 issue of "Front Page Detective" was sold and distributed in Allegheny County, Pennsylvania, by Pittsburgh News Company which purchased or procured the magazine from the defendant. It also appears that the defendant employs travelling representatives who act as liaison men between defendant and distributors in Pennsylvania and other states. These representatives do not sell the magazines and maintain no office, desk space or telephone in Pennsylvania, but they are employed to encourage the sale and circulation of defendant's magazines, and check and inspect displays of these magazines by dealers in order to see that defendant's magazines receive due emphasis. These representatives are paid out of the New York office. The magazines are shipped by the defendant's printers to the Pennsylvania distributors, who make payment directly to the defendant in New York.

It is apparent from the answers that the activities of the defendant corporation, through their representatives, are continuous and systematic, and that the injury claimed, if existent, is closely connected with the activities of these agents.

If the alleged injury does not grow out of these activities, it is certainly directly aggravated by them.

■ It is also apparent that the alleged invasion of privacy arises out of the exhibition of the photographs of plaintiffs in defendant's magazine distributed in and around Pittsburgh, Pennsylvania, and that the defendant corporation, by its agent, entered into Pennsylvania for the doing of these continuous and systematic acts for the purpose of expediting the sales and increasing the distribution of defendant's magazine and thereby helping defendant to realize pecuniary benefits. Pittsburgh is the place where the exhibition of plaintiffs' pictures is most likely to do plaintiffs the most harm; it is the place where the cause of action arose,[1] and if agreeable to the concepts of due process, it is the place where the action ought to be tried. If the forum be inconvenient, the defendant may seek change of venue under 28 U.S.C.A. § 1404(a).

■ The tests for this type of case were plainly laid down in Partin v. Michaels Art Bronze Co., Inc., 3 Cir., 1953, 202 F.2d 541, 542. First is the question, "whether the State seeks to assert jurisdiction under a given set of facts"; second, "whether the assertion of jurisdiction by the State is permitted, under the circumstances, by the Constitution of the United States". Const. Art. 1, § 8, cl. 3; Amend. 14.

■■ In respect to the first question: The Act of September 26, 1951, P.L. 1475, § 22, 15 Purdon's Pa.Stat.Ann. § 2852–1011B, in its pertinent part provides:

"B. Any foreign business corporation which shall have done any business in this Commonwealth, without procuring a certificate of authority to do so from the Department of State, shall be conclusively presumed to have designated the Secretary of the Commonwealth as its true and lawful attorney authorized

1. § 377, Restatement, Conflict of Laws (1934), cf. Summary of Rules No. 5, Illustration 7, under this section.

to accept, on its behalf, service of process in any action arising out of acts or omissions of such corporation within this Commonwealth."

Subsection C of that Act provides:

"C. For the purposes of this act, the entry of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose with the intention of thereby initiating a series of such acts, shall constitute 'doing business'." [2]

Prior to the enactment of this statute, it is clear that defendant could not be considered as doing business in Pennsylvania. See the Partin case, supra; Pellegrini v. Roux Distributing Co., 1951, 170 Pa.Super. 68, 84 A.2d 222; Lutz v. Foster & Kester Co., 1951, 367 Pa. 125, 79 A.2d 222. Insofar as we can determine, there has been no judicial application of Subsection C, but since, in a diversity action, this court sits as another Pennsylvania court, Angel v. Bullington, 1947, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832, we must do our best to interpret the statute as we believe the Supreme Court of Pennsylvania would interpret it. It is our judgment that the statute is a plain expression of the State's power to declare what is "doing business" in Pennsylvania; that power is extended by the statute to include the entry of a corporation into Pennsylvania "for the doing of a series of similar acts" designed to produce "pecuniary benefit" or "otherwise accomplishing an object". The defendant admits that eight of its agents were regularly employed in Pennsylvania, and one of them in the Pittsburgh district, for the purpose of promoting the business of the defendant, building good-will and encouraging the sale of its magazine. Thus the corporation cannot successfully deny that it made entries by its agents into Pennsylvania

in order to accomplish the purposes expressed in Subsection C.

■ It is our opinion that under the statute above quoted and the circumstances derived from the complaint and answers to the interrogatories, this defendant foreign corporation can properly be brought before the Pennsylvania courts.

■■ In respect to the second question: It appears that the door to state judicial jurisdiction has been opened fairly wide in recent years. See: Perkins v. Benguet Consolidated Mining Co., 1952, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485; Travelers Health Ass'n v. Commonwealth of Virginia, 1950, 339 U.S. 643, 70 S.Ct. 927, 94 L.Ed. 1154; International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 159, 90 L.Ed. 95. On the question of due process of law, in the International Shoe Co. case, supra, it was pointed out that the demands of due process may be met by such contacts of the corporation within the state of the forum as to make it reasonable to require the corporation to defend the particular suit which is brought there; and that "Presence" in the state in which the suit is brought, in this sense, has never been doubted where "the activities of the corporation there have not only been continuous and systematic, but also give rise to the liability sued on, even though no consent to be sued or authorization to an agent to accept service of process has been given." See Woodworkers Tool Works v. Byrne, 9 Cir., 1951, 191 F.2d 667; Hill v. United States, 10 Cir., 1951, 186 F.2d 669; Clements v. MacFadden Publications, Inc., D.C.E.D.Tex.1939, 28 F.Supp. 274.

As we see it, the activities of the defendant's agents in encouraging and promoting the sale of defendant's magazines in Pennsylvania, one of which contains the pictures of plaintiffs allegedly causing them damage, makes it reasonable to require the corporation to defend the suit in Pennsylvania. In our opinion the

---

2. Apparently the language of Subsection C is derived from § 107, Comment a, Restatement, Conflict of Laws (1934).

prosecution of this action in Pennsylvania does not violate the concept of due process. Accordingly, an order will be entered denying the defendant's motion to dismiss.