**INTER-STATE MILK PRODUCERS' COOPERATIVE**

v.

**METROPOLITAN COOPERATIVE MILK PRODUCERS BARGAINING AGENCY, INC.**

**Civ. A. No. 8429.**

United States District Court
M. D. Pennsylvania.
Dec. 29, 1964.

A. Evans Kephart, Stassen, Kephart, Sarkis & Scullin, Philadelphia, Pa., Daniels, Swope & Snyder, Harrisburg, Pa., for plaintiff.

Bond, Schoeneck & King, Syracuse, N. Y., Benjamin M. Quigg, Jr., Morgan, Lewis & Bockius, Philadelphia, Pa., Russell J. O'Malley, Nogi, O'Malley & Harris, Scranton, Pa., for defendant.

FOLLMER, District Judge.

Defendant, a nonregistered foreign corporation, has moved to dismiss this action on the ground that the venue of the action is not properly laid in this District. There has also been filed by the defendant a motion to strike certain affidavits and exhibits attached to exceptions which were taken by plaintiff to a prior ruling of the Court.

Plaintiff is a corporation incorporated in Pennsylvania, as a cooperative agricultural association, and has its principal place of business in Philadelphia, Pennsylvania. Defendant is a corporation incorporated in New York, as a cooperative agricultural association, and has its principal office in Syracuse, New York.

The Complaint, in three counts, alleges that from September 11, 1938 to September 11, 1963, when it withdrew, plaintiff was a member of defendant organization; that prior to December 1, 1963, each of plaintiff's members had signed a producers' marketing agreement with plaintiff, under which all of such members' milk was consigned to plaintiff for marketing by it; that from on or about December 1, 1963, until the present time, defendant sent four of its employees into York County, Pennsylvania, for the purpose of contacting plaintiff's members in Pennsylvania in order to get them to withdraw as members of plaintiff and to terminate their hauling agreement with plaintiff; that as the result of such conduct, many of plaintiff's members terminated their membership and marketing

agreements with plaintiff. Furthermore, that in January and February of 1964 defendant sent from New York to each of plaintiff's members a letter with a withdrawal slip in blank, addressed to plaintiff, to induce plaintiff's members to terminate their membership and marketing agreement with plaintiff; that these letters went to plaintiff's members in York, Adams, Lancaster and Chester Counties, Pennsylvania; that as a result of such action many members of plaintiff whose milk was being shipped to Federal Order 2 Market, terminated their membership and marketing agreement with plaintiff. Furthermore, that as a result of the actions of defendant's agents or employees, including its President, and the indiscriminate passing out of literature contained in letters above referred to, many of plaintiff's members withdrew and terminated their processors' marketing agreement with plaintiff, all of which caused damage to plaintiff.

The jurisdiction of the Court is invoked upon the basis of diversity only, the plaintiff being a Pennsylvania corporation and the defendant a New York corporation not registered in Pennsylvania.

■ Plaintiff filed a motion for production, inspection and copying of documents. After argument, the Court, on August 18, 1964, filed a Memorandum denying in part plaintiff's motion to produce documents, stating that the refused documents would appear to relate only to the merits of the case. Among the documents requested by plaintiff were the Charter and By-laws of defendant, Metropolitan. In its Memorandum the Court explicitly stated that at this time its only concern was jurisdiction. Without requesting a reargument, plaintiff then filed exceptions to the ruling of the Court to which it attached an affidavit and a copy of Metropolitan's By-laws. Such affidavit and the accompanying exhibit certainly had no legitimate place as a part of the exceptions.

Motion to strike affidavits and exhibits will be granted.

Much has been written about the requirements relating to venue of actions against foreign corporations and there would seem to be no reason to recapitulate here what has been said so well heretofore. Jenkins v. Dell Publishing Company, D.C.W.D.Pa., 130 F.Supp. 104 (1955); Noerr Motor Freight, Inc., et al. v. Eastern R.R. Presidents Conference et al., D.C.E.D.Pa., 113 F.Supp. 737 (1953); Florio v. Powder-Power Tool Corp., 3 Cir., 248 F.2d 367 (1957); Strauss v. Delta Air Lines, Inc., D.C.E.D.Pa., 207 F.Supp. 120 (1962).

The Complaint was served upon the Agency through Abner N. Risser, Treasurer and Director, at his residence in Lancaster County, Pennsylvania, and in the Eastern District of Pennsylvania.

As stated, the Agency moved to dismiss the action on the ground that the venue of the action is not properly in this District because defendant is a New York corporation, not licensed to do business in Pennsylvania and is not doing business in Pennsylvania nor in this District.

■ Whether or not the service on the Treasurer-Director of the foreign defendant Agency is such as to make the Agency subject to the jurisdiction of the Pennsylvania Courts depends upon whether it has first been established that the defendant is legally present within Pennsylvania. Here the sole question is whether the service of process upon the Agency was valid under the provisions of Section 1011 of the Pennsylvania Business Corporation Law (15 P.S. § 2852–1011, subd. B.) which provides in part:

"B. Any foreign business corporation which shall have done any business in this Commonwealth, without procuring a certificate of authority to do so from the Department of State, shall be conclusively presumed to have designated the Secretary of the Commonwealth as its true and lawful attorney authorized to accept, on its behalf, service of process in any action

arising within this Commonwealth. * * * Nothing herein contained shall limit or affect the right to serve any process, notice or demand, required or permitted by law to be served upon a foreign corporation, in any other manner now or hereafter permitted by law."

Rule 4(d) (3) of the Federal Rules of Civil Procedure provides as follows:

"(d) * * * Service shall be made as follows:

"(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant."

Section 1011, subd. C. (15 P.S. § 2852–1011, subd. C.) provides:

"For the purposes of determining jurisdictions of courts within this Commonwealth, the entry of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business.' "

The last authoritative pronouncement by the Supreme Court of Pennsylvania on this question is Rufo v. Bastian-Blessing Company, 405 Pa. 12, 173 A.2d 123 (1961). After stating that the Court had never previously construed the meaning of this portion of Section B., i. e., "action arising out of acts or omissions of such corporation within this Commonwealth," [1] the Court stated: (Pages 21 and 22, 173 A.2d pages 128 and 129)

"There can be no doubt that the legislature, by its enactment of Section 1011, and subd. B and 1011, subd. C., intended to extend and enlarge the amenability to suit of a foreign corporation carrying on activities within the Commonwealth and to abolish the 'solicitation plus' doctrine previously enunciated by this Court in Shambe v. Delaware & Hudson R.R. Co., 288 Pa. 240, 135 A. 755; Lutz v. Foster & Kester Co. Inc., 367 Pa. 125, 79 A.2d 222. Cf. Swavely v. Vandegrift, supra [397 Pa. 281, 154 A.2d 779]. It, however, by no means follows that the legislature intended to make foreign corporations suable without limitation. The very language of section 1011, subd. B contra indicates such intent.

"Due process does not require that the cause of action against a foreign corporation must arise out of the corporation's activities in the state where the action is brought. Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 446–447, 72 S.Ct. 413, 96 L.Ed. 485. It is clear that the Pennsylvania legislature did not choose to exercise the full extent of jurisdiction conferred upon it and did not make foreign corporations suable as extensively as it could constitutionally, have done. Through the medium of section 1011, subd. B, the legislature has validated service upon a non-registered foreign corporation by service upon the Secretary of the Commonwealth only in a restricted area, i. e. where the action arose out of acts or omissions of the corporation within the Commonwealth and where a corporation has 'done business' in Pennsylvania within the meaning of Section 1011, subd. C.

"Under the language of Section 1011, subd. B, the commission of 'acts' or 'omissions' on the part of

1. The change in this phraseology by the amendment of August 13, 1963, will be discussed infra.

the foreign corporation is a jurisdictional sine qua non. Only by a distortion of the language employed by the legislature can 'acts or omissions' on the part of the foreign corporation be equated with 'where the injury arose' or 'where the right or cause of action arose'. It is a legislative, not judicial, function to extend or enlarge jurisdiction over foreign corporations and the legislature has seen fit to enlarge such jurisdiction subject, inter alia, to the limitation that the action must arise out of 'acts or omissions' of such foreign corporation within Pennsylvania. Such legislatively prescribed limitation is binding upon us."

The Court stated further: (Pages 17–18, 173 A.2d page 126)

"We find no difficulty in holding that the activities of this company carried on and pursued in this Commonwealth through the medium of the distributors,—bound to the company by restrictive type agreements —and, especially, the activities of the sales representatives—full-time employees regularly and systematically soliciting business and engaging in other activities for the company—constituted 'doing business' within the Commonwealth. The sales representatives certainly carried on and performed a 'series of similar acts' in Pennsylvania; to hold that their purpose was not the realization of pecuniary benefit is to ignore the obvious."

The Court in Rufo although finding that the Company had done business in Pennsylvania within the intendment of Section 1011, subd. C, found lacking the commission of "acts" or "omissions" by the Company in Pennsylvania which the Court designated a jurisdictional sine qua non under Section 1011, subd. B as then existing. But the Court also stated: (Page 20, 173 A.2d page 127)

"The question is not where the injury occurred or where the cause of action arose; where did the company's negligent acts or omissions take place? If the legislature meant 'cause of action' or 'right of action', it could and would have so stated. Indeed, if the legislature meant 'right of action' or 'cause of action' it would have omitted the words 'out of acts or omissions of the corporation' and the provision would have read 'in any action arising within the Commonwealth.' * * * "

In the amendment of Section 1011, subd. B, by the Act of August 13, 1963, the legislature did precisely what the Court suggested as above, to wit: the amendment does omit the words "out of acts or omissions of such corporation" and did substitute in lieu thereof the words "in any action arising within this Commonwealth". This amendment marks another step in the gradual evolution of this matter of process against foreign corporations.

In the instant case, as did the Court in Rufo, supra, I find no difficulty in holding that the activities of the Agency carried on and pursued in Pennsylvania constituted "doing business" in Pennsylvania.

While in Rufo the Court could find no "acts" or "omissions" in Pennsylvania as required by Section 1011, subd. B, in the instant case, in the light of the 1963 amendment, I do find substantial indication of "any action arising within this Commonwealth" as presently required by the amended Section 1011, subd. B.

In the instant case, according to facts alleged in the Complaint, defendant from December 1, 1963 to the present time had four of its employees in this District for the purpose of contacting plaintiff's members in order to get them to withdraw from plaintiff and, as a result of this spade work, many of plaintiff's members did sign the withdrawal slip mailed to them by defendant from New York and did withdraw from plaintiff and did terminate their processors' marketing agreement with plaintiff. This is the action arising in Pennsylvania alleged in the Complaint.

Motion to dismiss will be denied.